NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO CRUZ-ALVAREZ, <br>            Plaintiffs-Appellants, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br>            Defendants-Appellees. | No.    21-1139 <br><br> Agency No.  A070-645-943 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before:  SILER,[***] NGUYEN, R. NELSON, Circuit Judges.

Petitioner Alejandro Cruz-Alvarez petitions for review of an October 14,

2021 decision of the Board of Immigration Appeals (BIA).  In that decision, the

BIA affirmed the Immigration Judge's (IJ) decision that Cruz-Alvarez had

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

abandoned his claims and so removal was properly ordered. We have jurisdiction to review removal orders pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

Mr. Cruz-Alvarez is a male native and citizen of Mexico. His removal proceedings with the IJ began over thirteen years ago with the filing of the Notice to Appear in August 2010 and ended with his final hearing before the IJ in November 2018. Cruz-Alvarez argues that there were two violations of his due process rights. First, he argues that the IJ claimed jurisdiction over his case despite serving him a fatally defective Notice to Appear. Cruz-Alvarez also argues that a second due process violation occurred when the IJ denied his counsel an opportunity to make a record about why he was unable to proceed with a merits hearing.

The Fifth Amendment guarantees that individuals facing removal are entitled to a "full and fair hearing" that meets due process requirements. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (quoting *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999)). "The fundamental requirement

2

of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To establish a due process violation, a petitioner "must show error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

1.       Cruz-Alvarez first argues that the IJ lacked jurisdiction due to defects in his Notice to Appear that failed to specify the time and date of his hearing. This argument, however, fails because the failure to include the time, date, and place in a Notice to Appear does not disrupt the IJ's jurisdiction. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020); *accord Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019).

2.       Cruz-Alvarez also claims that he was deprived of due process when the IJ rejected his counsel's request to "make a record explaining the reason for the late filing of documents and the absence of some documents." The BIA, however, affirmed the IJ decision concluding that the agency provided Cruz-Alvarez with multiple opportunities to be heard at a meaningful time and manner. The BIA also observed that the IJ's orders warned Cruz-Alvarez that his application would be considered abandoned if he failed to meet the filing deadlines. We agree with the BIA's reasoning and affirm.

Cruz-Alvarez cites *Rendon v. Holder*, 588 F. 3d 669 (9th Cir. 2009), *amended sub nom. Cruz Rendon v. Holder*, 603 F.3d 1104, 1110 (9th Cir. 2010), as support for his due process argument. The court found a due process violation when the immigration court only gave the applicant a few months to gather the relevant documentary evidence, along with two "exceedingly short" continuances. 603 F.3d at 1110.

Here, the IJ provided Cruz-Alvarez with ample time to present his case. When the proceedings were pending for five years, the IJ provided Cruz-Alvarez with additional time to obtain new counsel. In 2016, after Cruz-Alvarez secured new counsel, the IJ granted him three continuances, over two and a half years, so Cruz-Alvarez could have sufficient time to file the required documents for his adjustment application. Accordingly, given the generous extensions here, compared to the rushed proceedings in *Cruz Rendon*, we do not find that the case helps in adjudicating the matter before us.

In conclusion, this court finds no due process violation, so, petition for review of the Board of Immigration Appeals decision is

**DENIED**